### EQUITABLE TRUST CO. OF NEW YORK v. NISSEN.

(Supreme Court, Appellate Term.   May 4, 1911.)

1. JUDGMENT (§ 19*)—EVIDENCE TO SUSTAIN.

    Where the trial court wrongfully excluded evidence of the defense pleaded to a note, but found for the defendant on that defense, its judgment cannot be sustained.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 19.*]

2. COSTS (§ 238*)—ON APPEAL—PERSONS ENTITLED.

    Where a plaintiff on appeal secured the reversal of a judgment for defendant and a new trial, because the defendant had failed to prove his defense, it is not entitled to costs, when it secured the erroneous exclusion of evidence admissible to prove the defense.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Equitable Trust Company of New York against Charles E. Nissen. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Robert E. McLear (Herbert G. McLear, of counsel), for appellant. Dulon & Roe (J. Brewster Roe, of counsel), for respondent.

SEABURY, J.   The plaintiff sued upon a certain instrument, signed by the defendant, wherein the defendant promised to pay to A. C. Haynes a certain sum of money. The instrument was indorsed by Haynes and delivered to the Equitable Life Assurance Society, and indorsed by the latter and delivered by it to the plaintiff.

[1] The answer alleged facts tending to show that the instrument in suit was founded upon an illegal consideration, and that it was void. Upon the trial the defendant attempted to prove the facts al-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged in his defense, but was not permitted to do so by the rulings of the court. Notwithstanding these rulings, which were incorrect, the court below awarded judgment in favor of the defendant. It is manifest that upon the proof taken there is no basis for the judgment rendered. In the absence of evidence, we cannot assume that the defendant could have proved the defense alleged.

[2] The judgment must be reversed, and a new trial ordered; but, as the evidence which the defendant sought to offer was improperly excluded upon the objection of the plaintiff, the reversal will be without costs to either party.

Judgment reversed, and new trial ordered, without costs to either party. All concur.